**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 10 2014, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. O'CONNOR**
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STEVEN TERRELL,            )<br>                                   )<br>    Appellant-Defendant,       )<br>                                   )<br>        vs.                        )<br>                                   )<br>STATE OF INDIANA,          )<br>                                   )<br>    Appellee-Plaintiff.          ) | No.  49A02-1401-CR-70 |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No. 49G01-1207-FA-48911

**October 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Steven Terrell appeals his convictions for class A felony Attempted Murder[1] and Class B felony Attempted Robbery.[2] Terrell argues that the evidence was insufficient to support either of his convictions. Finding sufficient evidence, we affirm.

FACTS

On July 13, 2012, at approximately 1:45 a.m., Terrell and two other young men were inside a Phillips 66 convenience store on North Franklin Road. Ladi Singh, the cashier clerk working that night, was standing inside a cashier's station made of bullet-proof glass, counting cash. When Terrell and his companions approached the counter to make a purchase, Singh placed the cash behind the counter. One of Terrell's companions made a purchase and exited the store, and Terrell and the other young man remained inside. Singh resumed counting the cash, and Terrell lingered a few feet from the counter. Terrell and the other young man passed by the counter as they exited the store, while Singh bent down to pick up another stack of cash from behind the counter.

After several minutes, Terrell reentered the store alone and approached the counter, appearing to make a purchase. When Singh passed Terrell his change through the cashier's station, Terrell surveyed the store, pulled a handgun out of the pocket in his sweatshirt, and pointed the gun at Singh. Singh ducked behind the counter, and Terrell kept the gun pointed at him. Terrell fired the gun, which hit the bullet-proof glass of the cashier's station, but did not break it. After firing his first shot, Terrell walked backwards

---

[1] Ind. Code § 35-41-5-1; Ind. Code § 35-42-1-1(1).

[2] I.C. § 35-41-5-1; I.C. 35-42-5-1.

out of the store, keeping his gun fixed on Singh's position. Singh peeked out from the cashier's station, and Terrell then fired a second shot in Singh's direction. The second shot penetrated the aluminum frame of the cashier's station. After Terrell exited the store, Singh called the store's manager, who called 911.

Police arrived on the scene sometime after 2:00 a.m. The store manager also arrived and translated Singh's statement to police officers, as Singh spoke very little English. The investigating officers discovered two shell casings and noted the stacks of cash that Singh had been counting. They also obtained security footage from inside the store, which showed the events described above. The footage was aired on the local news that day. One of the individuals who had accompanied Terrell in the store recognized himself and provided the police with information that helped them identify Terrell as the perpetrator.

On July 17, 2012, the State charged Terrell with attempted murder, a class A felony, attempted burglary, a class B felony, and carrying a handgun without a license, a class A misdemeanor. Terrell waived his right to a jury trial, and on December 11, 2013, the trial court held a bench trial; it found Terrell guilty as charged. On January 10, 2014, the trial court sentenced Terrell to thirty years for the attempted murder conviction, with twenty-five years executed and five years suspended to probation, ten years for the attempted robbery conviction, and one year for the carrying a handgun without a license conviction. The convictions for attempted robbery and carrying a handgun without a

3

license were ordered to run concurrently with the attempted murder conviction, resulting in an aggregate executed sentence of twenty-five years.

Terrell now appeals.

DISCUSSION AND DECISION

Terrell argues that there was insufficient evidence to support his convictions. When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Bond v. State, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010). Rather, we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. Id.

Terrell argues that the evidence was insufficient to support his conviction for attempted murder. In order to convict Terrell of attempted murder, the State was required to prove that 1) Terrell acted with specific intent to kill and 2) Terrell engaged in conduct that constituted a substantial step toward the crime of murder. I.C. § 35-41-5-1; I.C. § 35-42-1-1. Terrell maintains that the State failed to present sufficient evidence to demonstrate that he had the specific intent to kill.

Intent to kill may be inferred from the nature of the attack and the circumstances surrounding the crime. Nuun v. State, 601 N.E.2d 334, 339 (Ind. 1992). Additionally, our Supreme Court has held that "the use of a deadly weapon in a manner likely to cause

death or great bodily harm is sufficient to show the requisite intent to kill." Wilson v. State, 697 N.E.2d 466, 476 (Ind. 1998).

Here, Terrell entered the store, pulled a handgun from his pocket, and pointed it at Singh. While the first shot he fired was pointed at the middle of the glass, and not directly at Singh, the second shot followed a downward trajectory, towards Singh's position. Ex. 1. Terrell did not point the gun away from Singh's position at any time as he exited the store. Id. The evidence indicates that Terrell pointed the gun at Singh and pulled the trigger. A reasonable trier of fact could infer from this evidence that Terrell had the intent to kill, and Terrell's arguments amount to an invitation to reweigh the evidence, which we will not do.

Terrell also contends that the State provided insufficient evidence to show that he committed attempted robbery. He argues that the State failed to show that he intended to take any property from the store. To convict Terrell of attempted robbery, the State was required to prove that Terrell engaged in conduct that constituted a substantial step towards the knowing or intentional taking of property by using or threatening force or placing a person in fear and while armed with a deadly weapon. I.C. § 35-41-5-1; I.C. 35-42-5-1. Other than the crime of attempted murder, our Supreme Court has concluded that the attempt statute does not require that the State prove that the defendant specifically intended to commit the attempted crime. Stokes v. State, 922 N.E.2d 758, 764 n.5 (Ind. Ct. App. 2010). Therefore, the State was only required to prove that Terrell took a substantial step toward committing a knowing or intentional robbery. Id. A

5

person acts knowingly if, when engaging in the conduct, he is aware that there is a high probability that he is doing so.  I.C. § 35-41-2-2(b).

Here, Terrell entered the store and saw Singh counting stacks of cash.  He pointed his gun at Singh and fired it.  Terrell knew that if he were able to shoot Singh, he would be able to steal the cash.  This evidence indicates that he was aware there was a high probability that his conduct constituted a substantial step toward robbery.  A reasonable trier of fact could find that Terrell entered the store and pointed and fired a gun at Singh and determine that this was a substantial step towards committing robbery.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.